UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RHYS JOHNSON,

                              Plaintiff,

   v.                                                 5:24-CV-00020 (LEK/MJK)

PRESIDENT JOE BIDEN,

                              Defendant.
_____

RHYS JOHNSON, Plaintiff, pro se

MITCHELL J. KATZ, U.S. Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court for review a complaint, together with an application to proceed in forma pauperis ("IFP"), filed by pro se plaintiff, Rhys Johnson. (Dkt. Nos. 1, 4).

**I.**    **IFP Application**

Plaintiff declares in his IFP application that he is unable to pay the filing fee. (Dkt. No. 4). After reviewing his application and supporting documents, this court finds that plaintiff is financially eligible for IFP status.

However, in addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

1

monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and 28 U.S.C. § 1915.  Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources.  *Neitzke*, 490 U.S. at 327; *Harkins v. Eldredge*, 505 F.2d 802, 804 (8th Cir. 1974).  Although the court has a duty to show liberality toward pro se litigants and must use extreme caution in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed.  *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint sua sponte even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555).

In addition, Fed. R. Civ. P. 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 does not require detailed factual allegations, it does "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Houston v. Collerman*, No. 9:16-CV-1009 (BKS/ATB), 2016 WL 6267968, at *2 (N.D.N.Y. Oct. 26, 2016) (quoting *Ashcroft*, 556 U.S. at 678). A pleading that contains allegations that "'are so vague as to fail to give the defendants adequate notice of the claims against them' is subject to dismissal." *Id.* (citing *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009)).

## II. Complaint

Plaintiff has filed a form complaint for a civil case alleging breach of contract against defendant "President Joe Biden." (Dkt. No. 1) (Complaint ("Compl.")). He asserts that the court has subject matter jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. § 1332. (*Id.*).

In the Statement of Claim, plaintiff alleges that he and "then" Vice President Biden entered into an oral agreement requiring plaintiff to "[g]ive advice and aid to VP Biden, later President Biden, including under subcontract to capture the Dick Crossley Nazi Pedophile Insurrectionist group in Spokane and their political cohorts." (Compl. at 4). Plaintiff states that defendant failed to comply with the contract to the extent plaintiff's "children have not been released nor [plaintiff's] assets as agreed." (*Id.*). Plaintiff refers to an "attached statement of fa[c]ts" (*Id.*), however no such attachment was included with the plaintiff's filing.

3

In his request for relief, plaintiff seeks that his "children . . . be released immediately[,]" and his "assets released/ret[u]rned" immediately." (Compl. at 4). Plaintiff also demands that the agreed upon contract "fee and compensation" be paid. (*Id.*).

### III. Discussion

At the outset, plaintiff's complaint fails to meet the pleading requirements of the Federal Rules of Civil Procedure to plausibly state a claim for relief against the defendant. The elements of a cause of action for breach of contract in New York are the formation of a contract between plaintiff and defendant, performance by plaintiff, defendant's failure to perform, and resulting damages. *See Byrne & Storm, P.C. v. Handel*, No. 1:12-CV-716 (GLS/RFT), 2013 WL 2444092, at *3 (N.D.N.Y. June 5, 2013) (quoting *Clearmont Prop., LLC v. Eisner*, 58 A.D.3d 1052, 1055 (3rd Dep't 2009)). Putting aside the court's skepticism regarding the truth of plaintiff's allegations, the complaint still fails to allege sufficient facts suggesting that the then-Vice President entered into a valid oral agreement with plaintiff to hire him for "advice and aid," that plaintiff actually performed the terms of the contract, the consideration for the purported agreement and how the failure to "release" plaintiff's children constitutes a breach of the purported contract. Plaintiff has also failed to state the date upon which the contract was purportedly breached. Instead, plaintiff's allegations are conclusory, largely irrational, and fail to state a claim upon which he may be granted relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

4

Even if plaintiff amended his complaint to plausibly allege the elements for breach of contract,[1] his action is otherwise foreclosed. The complaint does not specify whether the defendant purportedly breached the alleged contract in his capacity as Vice President, or in his subsequent role as President. With respect to the former, the doctrine of sovereign immunity bars federal courts from hearing all suits against the federal government, including suits against federal agencies, unless sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *see also Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency . . . is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived."). The courts have extended this category of sovereign immunity to the Vice President of the United States. *See, e.g., Dixon v. Biden,* No. 23-CV-0748, 2023 WL 3976929, at *2 (S.D.N.Y. June 12, 2023) (barring claims against Vice President based on doctrine of sovereign immunity); *Salaverria v. United States*, No. 21-CV-9254, 2022 WL 1556285, at *2 (S.D.N.Y. May 16, 2022) (same), *appeal dismissed*, No. 22-1190, 2022 WL 17246308 (2d Cir. Oct. 27, 2022).

As a pro se litigant, plaintiff's allegations must be liberally construed to raise the strongest case they suggest. Thus, the court considers whether plaintiff's allegations

---

[1] The court further recognizes that plaintiff's claim, even if adequately plead, might be barred by the New York Statute of Frauds, which provides that "an oral agreement is void if it 'is not to be performed within one year from [its] making,' and there is no written memorandum of the agreement 'subscribed by the party to be charged.'" *Hamza v. Yandik*, No. 1:19-CV-0447 (LEK/DJS), 2021 WL 326208, at *6 (N.D.N.Y. Jan. 29, 2021) (quoting *Camp Summit of Summitville, Inc. v. Visinski*, No. 06-CV-4994, 2007 WL 1152894, at *5 (S.D.N.Y. Apr. 13, 2007) (quoting N.Y. Gen. Oblig. Law § 5-701(a)(1)).

plausibly raise any waiver of sovereign immunity against the Vice President. It has been held that the Tucker Act, 28 U.S.C. §§ 1346(a)(2) & 1491, "provides the exclusive basis for assertion of contract claims against the United States." *Metadure Corp. v. United States*, 490 F. Supp. 1368, 1371 (S.D.N.Y. 1980) (citing *Polos v. United States*, 556 F.2d 903, 905 (8th Cir. 1977)); *International Engineering Co. v. Richardson*, 512 F.2d 573 (D.C. Cir. 1975)). Although the Tucker Act waives sovereign immunity as to contract claims against the United States, it generally vests the Court of Federal Claims with jurisdiction to hear them. 28 U.S.C. § 1491(a)(1); *see also South Windsor Convalescent Home, Inc. v. Mathews*, 541 F.2d 910, 914 (2d Cir.1976). " '[A]ny agreement can be a contract within the meaning of the Tucker Act, provided that it meets the requirements for a contract with the Government, specifically: mutual intent to contract including an offer and acceptance, consideration, and a Government representative who had actual authority to bind the Government.' " *Massie v. United States*, 166 F.3d 1184, 1188 (Fed. Cir. 1999) (quoting *Trauma Serv. Group v. United States*, 104 F.3d 1321, 1326 (Fed. Cir. 1997)). The Tucker Act permits contract claims against the federal government to be heard in the district courts only when the amount sought is $10,000 or less. § 1346(a)(2).

In this case, even if plaintiff had plausibly alleged that the defendant, in his former capacity as Vice President, breached a valid government contract, plaintiff has asserted that the amount in controversy is "substantial and extensive [sic] exponential to $75,000." (Compl. at 3). Therefore, plaintiff's claim, even if sufficiently pled, could not survive in district court under the statute. *See Adeleke v. United States*, 355 F.3d

6

144, 152 (2d Cir. 2004); *see also Stritzinger v. United States Off. of the Gen. Servs. Admin.,* No. 3:15-CV-2978, 2016 WL 3035087, at *3 (D.S.C. Jan. 29, 2016), *report and recommendation adopted*, No. 3:15-CV-2978, 2016 WL 3027582 (D.S.C. May 27, 2016) (dismissing plaintiff's contract claim seeking damages over two million dollars against the Vice President of the United States, because exclusive jurisdiction lies with the Federal Claims Court).

When a court lacks jurisdiction over a particular action, the court "shall" transfer that action to a court "in which the action . . . could have been brought at the time it was filed" if such a transfer "is in the interest of justice." 28 U.S.C. § 1631. Here, however, given the material deficiencies in plaintiff's complaint, including the ambiguity as to whether the defendant was even working in his capacity as Vice President at the time of the purported breach, the court concludes that it would not be "in the interest of justice" to transfer this action to the Court of Claims. *See Adeleke v. United States,* 355 F.3d at 152 (declining to remand claim to the district court for possible § 1631 transfer to court with jurisdiction where plaintiff "so plainly fails to allege" a right to relief under the relevant cause of action); *see also Phillips v. Seiter,* 173 F.3d 609, 610–11 (7th Cir. 1999) (declining to remand a meritless claim to the district court for possible § 1631 transfer to court with jurisdiction).

If the court were to instead interpret plaintiff's complaint to allege that the defendant breached the purported contract in his capacity as President of the United States, the claim is also barred. "The President is absolutely immune from suit for damages 'predicated on his official acts.' " *Dixon v. Biden*, No. 2023 WL 3976929, at

7

*2 (quoting inter alia *Nixon v. Fitzgerald*, 457 U.S. 731, 749 (1982)); *see also McKeown v. Wray,* No. 23-CV-05489, 2023 WL 5510597, at *3 (E.D.N.Y. Aug. 25, 2023) (defendant President was entitled to immunity from suit because plaintiff's complaint "relates to action [the President] allegedly took while exercising . . . official duties."). Thus, to the extent plaintiff claims that the defendant breached a contract relative to issues of national security while serving in the role of President of the United States, plaintiff's claim[2] is foreclosed by absolute immunity, frivolous, and subject to dismissal. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.' ") (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

## IV. Opportunity to Amend

Generally, before the court dismisses a pro se complaint or any part of the complaint sua sponte, the court should afford the plaintiff the opportunity to amend at least once; however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Futility is present when the problem with plaintiff's causes of action is substantive such that better pleading will not cure it. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

---

[2] The fact that plaintiff is also seeking injunctive relief – i.e. that his "children" and "assets" be "released" immediately – does not salvage his claim. The Supreme Court has long held that courts have "no jurisdiction of a bill to enjoin the President in the performance of his official duties" that are discretionary. *Mississippi v. Johnson*, 71 U.S. 475, 501 (1866).

The court is recommending dismissal of this action for lack of subject matter jurisdiction. Thus, any dismissal must be without prejudice. *Hollander v. Garrett*, 710 F. App'x 35, 36 (2d Cir. 2018). However, based on the analysis above, this court finds that plaintiff could not amend his complaint to plausibly raise his claims in this venue. Accordingly, the court recommends dismissal without leave to amend.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 4) be **GRANTED**, and it is

**RECOMMENDED**, that the district court **DISMISS PLAINTIFF'S COMPLAINT IN ITS ENTIRETY, WITHOUT PREJUDICE BUT WITHOUT LEAVE TO AMEND,** and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Order and Report-Recommendation on plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Hum. Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: January 23, 2024

Mitchell J. Katz
U.S. Magistrate Judge